UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:06-cr-00329-GEB |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KOU G. KONG, ) | |
| ) | |
| Defendant. ) | |

On February 25, 2008, Prisoner Kou G. Kong proceeding pro se (hereinafter referenced as "Petitioner") filed a petition in which he seeks relief from judgment in this criminal action; judgment was entered January 8, 2007. Petitioner argues he is entitled to relief from the criminal judgment under Federal Rule of Civil Procedure ("Rule") 60(b)(6). Petition at 1. Petitioner plead guilty to count four of an indictment under a plea agreement, but he contends his sentencing offense level for this conviction reflected more grams of methamphetamine than were involved in count four. Id. at 3-4.

The government was directed to file a response to Petitioner's petition, and Petitioner's reply was required to be filed by April 25, 2008. The government filed a response, but Petitioner failed to file a reply.

1       The government argues: 1) the petition should be
2  construed as a motion under 28 U.S.C. § 2255, since a Rule 60(b)(6)
3  motion cannot be brought in a criminal case; 2) Petitioner waived
4  his right to bring a section 2255 motion in his plea agreement; and
5  3) the motion lacks merit because "the Court properly determined
6  the amount of methamphetamine based on the defendant's relevant
7  conduct . . . ." Response at 4-5.
8       28 U.S.C. § 2255 is the statute applicable to the relief
9  Petitioner seeks.  Section 2255, subdivision (a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

16      When "the motion and the files and the records of the
17 case conclusively show that the prisoner is entitled to no relief,"
18 the motion shall be denied.  28 U.S.C. § 2255(b).  The government's
19 response shows that the parties stipulated in their plea agreement
20 to the base offense level about which Petitioner complains, and
21 that Petitioner is personally responsible for 50 to 150 grams of
22 actual methamphetamine.  Therefore, Petitioner's relevant criminal
23 conduct was not limited to the count to which he plead guilty and
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

his petition for writ of habeas corpus filed on February 25, 2008 is denied.

IT IS SO ORDERED.

Dated:  May 13, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge